**Robert N. SMITH, Plaintiff,**

v.

**ZENECA INC., Defendant.**

**Civ. A. No. 92–667 MMS.**

United States District Court, D. Delaware.

May 5, 1993.

John J. Sullivan, Jr., of Schmittinger & Rodriguez, Dover, DE, for plaintiff.

Joseph C. Kelly, of ZENECA Inc., Wilmington, DE (Steven R. Wall and Catherine Reid, of Morgan, Lewis & Bockius, Philadelphia, PA, of counsel), for defendant.

## OPINION

MURRAY M. SCHWARTZ, Senior District Judge.

Defendant, ZENECA Inc., has moved to dismiss both counts of plaintiff Robert M. Smith's complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. D.I. 4.[1] The first count of plaintiff's complaint alleges that defendant discriminated against plaintiff because of his age in violation of the Age Discrimination in Employment Act (ADEA). D.I. 1 at ¶¶ 19–23, citing 29 U.S.C. § 623(a)(1) and (2) (1988). Defendant urges the first count is barred by the applicable statute of limitations. The second count of the complaint alleges that, under state law, defendant breached an implied covenant of

1. Defendant, originally named as ICI Americas Inc., has subsequently changed its name to ZENECA Inc. D.I. 11.

good faith and fair dealing. D.I. 1 at ¶¶ 24–29. Defendant argues that this count fails to state a claim for which relief can be granted. This Court has jurisdiction over the first count under 28 U.S.C. §§ 1331 and 1343(a)(4) (1988) and has supplemental jurisdiction over the second count under 28 U.S.C. § 1367 (Supp. III 1991). For the reasons which follow, defendant's motion will be granted as to the first count and the second count will be dismissed pursuant to this Court's discretion under 28 U.S.C. § 1367.

## I. The Facts

According to the complaint, plaintiff began work for the defendant on October 21, 1974, as "Manager of Plant Training". D.I. 1 at ¶ 6.[2] Sometime thereafter, plaintiff was promoted to "Manager of Management Training". ¶ 7. In that position, plaintiff was initially supervised only by Mr. Mark Dobbins, but, following a reorganization in June, 1989, was also supervised by Mr. Neal Roberts. ¶ 8–9.

Up until that time, plaintiff had consistently received positive evaluations. ¶¶ 10–11. Despite the lack of previous criticism, in December, 1989, plaintiff met with Mr. Roberts in order to determine if any deficiencies existed in his performance and to ask in what ways he could improve his performance to achieve an "Excellent" rating at his annual review. ¶ 12. The only criticism offered by Mr. Roberts was the reluctance of plaintiff to express negative comments. ¶ 13.

Nevertheless, on June 1, 1990, at a meeting with Mr. Roberts and Mr. Dobbins, plaintiff received a "Marginal" rating during his annual review and was informed of the termination of his employment. ¶ 16. The review itself was quite favorable to the plaintiff. It reflected that plaintiff had met all the goals identified in his previous review. However, the review also concluded that plaintiff was "too experienced and highly compensated for the company to have any justification to once again try to match an assignment to [plaintiff's] ability to deliver acceptable overall results." ¶ 17.

On March 25, 1991, plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC). ¶ 2. On June 29, 1992, the EEOC issued a determination and on November 13, 1992, plaintiff filed his complaint in this Court.[3]

■ In considering a motion to dismiss, "a count of a complaint may be dismissed for failure to state a claim only if, when accepting all factual allegations as true and drawing all reasonable inferences from these facts, no relief would be granted under any set of facts that could be proved." In Re Delmarva Sec. Litig., 794 F.Supp. 1293, 1298 (D.Del.1992). In applying this standard, the burden to show the failure to state a claim rests with the moving party. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir.1980).

## II. The ADEA Claim

■ In its motion to dismiss, defendant argues that plaintiff's claim under the ADEA is barred by the new statute of limitations which Congress added to the ADEA as section 115 of the Civil Rights Act of 1991, Pub.L. 102–166, 105 Stat. 1079 (codified at 29 U.S.C. § 626(e) (Supp. III 1991)). The 1991 Act went into effect on November 21, 1991, sixteen months after the alleged discrimination occurred, but almost one year before plaintiff filed his complaint. Plaintiff does not dispute that if the amendment to the statute of limitations applies, his claim is time barred. Plaintiff argues, however, that the Court should not apply the amended statute of limitations, but rather the former statute of limitations under which the claim would not be barred.

The former statute of limitations would not bar the plaintiff's claim. Under the prior statutory scheme, after waiting sixty days from the filing of an EEOC charge, the

---

**2.** Unless otherwise indicated, all citations in this section of the opinion are made to allegations in the complaint, Docket Item 1.

**3.** Plaintiff had previously filed a complaint on May 29, 1992, in the United States District Court for the District of Delaware. The previous complaint was dismissed by Judge Latchum because of plaintiff's failure to serve the summons and complaint under Federal Rule of Civil Procedure 4(j). Smith v. ICI Americas, Inc., 145 F.R.D. 45, 48 (D.Del.1992).

plaintiff could bring a civil action. 29 U.S.C. § 626(d) (1988).[4] The plaintiff had to bring the civil action within two years after the cause of action accrued, unless the discrimination was willful, in which case the action could be brought within three years. 29 U.S.C. § 255(a) (1988). Plaintiff here has alleged willful conduct, D.I. 1 at ¶ 20, and the latter statute of limitations would have applied. Because plaintiff filed his complaint in this action on November 13, 1992, the statute of limitations would not have barred an action based on events occurring in June, 1990.

As amended, the statute of limitations would bar the plaintiff's claim. The amended statute replaces the two or three year limitations period with a requirement that the civil action commence within 90 days after receipt of notice from the EEOC that the charge "is dismissed or the proceedings of the [EEOC] are otherwise terminated by the [EEOC]." 29 U.S.C. § 626(e) (Supp. III 1991). Because the EEOC issued its determination on June 29, 1992, the amended statute of limitations would have barred the claim on September 28, 1992, approximately six weeks before plaintiff filed his complaint.[5]

In *Crumley v. Delaware State College*, 797 F.Supp. 341, 352 (D.Del.1992), this Court held that the damages provisions of the 1991 Civil Rights Act do not apply retroactively to acts committed before the Act became effective. Plaintiff argues that this holding should be extended to preclude retroactive application of the statute of limitations. Defendant, relying primarily upon *McConnell v. Thomson Newspapers, Inc.*, 802 F.Supp. 1484 (E.D.Tex.1992), argues that retroactive application of procedural changes in the law should be distinguished from changes in damages and should be applied to cases filed after the 1991 Act's effective date.

The issue of retroactivity is, no doubt, a thorny one and, as at least one Justice has acknowledged, the Supreme Court's opinions on retroactivity "are in irreconcilable contradiction and have spawned Courts of Appeals opinions to match." *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 851, 110 S.Ct. 1570, 1584, 108 L.Ed.2d 842 (1990) (Scalia, J., concurring). Courts must address the issue of retroactivity because a change in the law occurs either before, during or after acts which have given rise to litigation. For instance, in *Crumley*, the allegedly discriminatory acts of the defendant had all occurred before the effective date of the 1991 Civil Rights Act. The Court had to decide the fundamental issue of retroactivity, namely which law applied to defendant's acts, "the law at the time the *conduct* occurred compared with the law as written in 1991 Act." *Crumley*, 797 F.Supp. at 352.

The issue of retroactivity, however, is not the dispositive issue in this case. While it is true that the alleged discriminatory acts of the defendant occurred prior to the 1991 Civil Rights Act's effective date, this case, in its current posture, does not concern the acts of the defendant. Whether or not suit has been filed within the statute of limitations is an act of the plaintiff, not the defendant. The only issue is which law applies to plaintiff's acts. The dilemma posed in *Crumley*, whether to apply the law at the time of the conduct or the 1991 Act, is not present here because the conduct of plaintiff occurred *after* the 1991 Act became effective. Throughout the time plaintiff received his EEOC determination and filed this suit, only the 1991 Civil Rights Act was in effect. Absent facts not present which would cry out for equitable tolling, there is simply no other law which could apply to plaintiff's actions.[6]

4. With respect to proceedings before the EEOC, the statutory scheme did, and still does, provide that a plaintiff had to file a charge with the EEOC within 300 days of the alleged discrimination, 29 U.S.C. § 626(d)(2) (1988).

5. Technically, the 90 day period would expire on September 27, 1992. However, that day was a Sunday in 1992.

6. Had plaintiff received the EEOC determination six months before the new statute went into

effect, or even thirty days before, he may well have been able to achieve a different outcome by arguing for equitable tolling of the limitations period. *See Kocian v. Getty Refining & Marketing Co.*, 707 F.2d 748, 753 (3d Cir.), *cert. denied*, 464 U.S. 852, 104 S.Ct. 164, 78 L.Ed.2d 150 (1983) (explaining appropriate instances of equitable tolling of statute of limitations); *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187, 193 (3d Cir.1977), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978) (finding equitable tolling appropriate under the ADEA). In contrast,

834

On these facts, the Court finds the amended statute does apply to the plaintiff's claim. For this reason, defendant's motion to dismiss the first count of plaintiff's complaint will be granted and the first count is dismissed with prejudice.

### III. *State Law Claim*

 In the second count of his complaint, plaintiff alleges a breach of an implied covenant of good faith and fair dealing under state law. This claim arises under the Court's supplemental jurisdiction as granted by 28 U.S.C. § 1367 which reads, in part,

> (a) ... in any civil action of which district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

> .    .    .    .    .

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim ... if—

> .    .    .    .    .

> (3) the district court has dismissed all claims over which it has original jurisdiction.

28 U.S.C. § 1367 (Supp. III 1991). Under section (c) of this statute, Congress has granted the district courts discretion to dismiss state law claims over which the court had jurisdiction under section (a).

The United States Court of Appeals for the Third Circuit has stated that when determining whether to exercise supplemental jurisdiction, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" *Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277, 1284 (3d Cir.1993) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966)). Because this case is only at the motion to dismiss stage, the Court finds no overriding interest of judicial economy or convenience. Nor is there any apparent unfairness in dismissal of the state law claims. The Court, in the exercise of its discretion under 28 U.S.C. § 1367, will "decline to exercise supplemental jurisdiction" over the plaintiff's state law claim because the Court will "dismiss all claims over which it [had] original jurisdiction."

### IV. *Conclusion*

For the forgoing reasons, defendant's motion to dismiss will be granted as to the plaintiff's claim under the ADEA and plaintiff's claim under state law will be dismissed without prejudice pursuant to 28 U.S.C. § 1367.

---

plaintiff had timely filed a complaint under the former statute of limitations, but the same was dismissed for failure to timely make service. *See supra* n. 2.