49 F.3d 886
 67 Fair Empl.Prac.Cas. (BNA) 295,
66 Empl. Prac. Dec. P 43,465, 63 USLW 2582,
98 Ed. Law Rep. 632
 Judith J. VERNON, Evelyn N. Harmon & Paul K. Cooley,
Plaintiffs-Appellants,
v.
CASSADAGA VALLEY CENTRAL SCHOOL DISTRICT, Kenneth K.
Connoly, Superintendent, Cassadaga Valley Central
School District, Brian R. Jordan,
Principal, Defendants-Appellees.
 No. 550, Docket 94-7482.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 1, 1994.
Decided March 8, 1995.
 
 Jennifer A. Coleman, Buffalo, NY (Murray & Coleman, Buffalo, NY, of counsel), for plaintiffs-appellants.
 Robert J. Lane, Jr., Buffalo, NY (Daniel A. Spitzer, Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, NY, of counsel), for defendants-appellees.
 Before: MINER, McLAUGHLIN, and CABRANES, Circuit Judges.
 MINER, Circuit Judge:
 
 
 1
 Plaintiffs-appellants, high school teachers, filed complaints with the New York State Division of Human Rights ("NYDHR") alleging that the defendants had altered their teaching duties in violation of the Age Discrimination in Employment Act ("ADEA"). At the time of the alleged discrimination, the statute of limitations for an action under the ADEA was two years, or three years in the case of a "willful" violation. In November of 1991, Congress enacted the Civil Rights Act of 1991 ("the 1991 Act"), in which it amended the statute of limitations for actions brought under the ADEA to require that such actions be filed within ninety days of a complainant's receipt of a "right-to-sue" letter from the Equal Employment Opportunity Commission ("EEOC"). Plaintiffs received right-to-sue letters that informed them of this change, but they failed to file suit within the ninety-day limitations period. After the action giving rise to this appeal was commenced, the district court granted a motion for summary judgment made by defendants, applying the statute of limitations enacted in the 1991 Act to bar the action and rejecting plaintiffs' contention that the limitations period was subject to equitable tolling. We affirm.
 
 BACKGROUND
 
 2
 During February of 1991, when plaintiffs-appellants Judith Vernon, Evelyn Harmon, and Paul Cooley were high-school teachers in the Cassadaga Valley Central School District, they were advised that they would be assigned to teach middle-school classes commencing in the fall of 1991. Plaintiffs filed their complaints with the NYDHR during the period May-July 1991, alleging that this change in their assignment was made in violation of the ADEA and the New York Human Rights Law. Thereafter, the complaints were forwarded to the EEOC.
 
 
 3
 At that time, the ADEA statute of limitations required plaintiffs to file suit within two years of the allegedly discriminatory acts, or within three years if the claim involved a willful violation. Subsequently, on November 21, 1991, Congress amended the statute of limitations in the Civil Rights Act of 1991 ("the 1991 Act"), doing away with the two- or three-year period. The new limitations period provided that a complaint could be filed at any time from 60 days after the charge was filed with the EEOC, until 90 days after the complainant received a "right-to-sue" letter from the EEOC, no matter how long after the alleged violation the letter was received.
 
 
 4
 After plaintiffs' complaints had been forwarded to the EEOC, each plaintiff received at least three notices, sent by either the EEOC or the NYDHR, advising that the two-year statute of limitations applied to their claims. As late as June of 1992, the EEOC advised plaintiffs of the two-year statute of limitations and the three-year limitations period for willful violations of the ADEA. However, on October 30, 1992 the EEOC sent plaintiffs their right-to-sue letters, which stated:
 
 
 5
 A lawsuit under the ADEA ordinarily must be filed within two years of the date of discrimination alleged in the charge. On November 21, 1991, the ADEA was amended to eliminate the two year limit. An ADEA lawsuit may now be filed any time from 60 days after a charge is filed until 90 days after the receipt of notice that EEOC has completed action on the charge. Because it is not clear whether this amendment applies to instances of alleged discrimination occurring before November 21, 1991, if Charging Party decides to sue, a lawsuit should be brought within two years of the date of the alleged discrimination, 2/8/91, and within 90 days of receipt of this letter, whichever is earlier, in order to assure the right to sue. (emphasis in original).
 
 
 6
 Plaintiffs, who were proceeding pro se at the time, did not file their complaint until May 11, 1993. It seems clear that this date was beyond the ninety-day period established by the 1991 Act and referred to in the right-to-sue letter.
 
 
 7
 After the action was filed, defendants moved for summary judgment, primarily on the ground that the plaintiffs' claims under the ADEA were barred by that statute's limitations provisions set forth at 29 U.S.C. Sec. 626(e), as amended by the 1991 Act:
 
 
 8
 If a charge filed with the [Equal Employment Opportunity] Commission under this chapter is dismissed or the proceedings of the Commission are otherwise terminated by the Commission, the Commission shall notify the person aggrieved. A civil action may be brought under this section [by an aggrieved party] against the respondent named in the charge within 90 days after the date of the receipt of such notice.
 
 
 9
 Defendants argued that the statute of limitations required filing within ninety days of receiving a right-to-sue letter from the EEOC, and that plaintiffs' failure to do so barred their claims. Plaintiffs contended, however, that the 1991 Act's limitations provisions should not be applied "retroactively," and that the limitations period contained in the pre-amendment statute should apply to their claims, which accrued before the effective date of the 1991 Act. Plaintiffs also alleged ongoing discriminatory conduct through May of 1991, and therefore claimed that their complaint was timely under the two-year limitations period.
 
 
 10
 The district court granted defendants' motion for summary judgment, holding that the court was required to apply the statute of limitations that was in effect at the time the plaintiffs filed their complaint in the action. The court first noted that the issue was not truly one of retroactivity; the question simply was whether to apply the statute of limitations in effect when the cause of action accrued, or the one in effect when the suit was filed. Concluding that the statute of limitations here is procedural, the court applied the limitations period in effect at the time the action was filed. The court also rejected plaintiffs' claim that the statute of limitations should be equitably tolled, finding that plaintiffs had not been misled by the letters from EEOC, and furthermore that no reasonable person could have been misled by the letters. Plaintiffs appeal.
 
 DISCUSSION
 
 11
 This court reviews a grant of summary judgment de novo. Longo v. Shore & Reich, Ltd., 25 F.3d 94, 96 (2d Cir.1994). Summary judgment is warranted where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 A. Applicable Statute of Limitations
 
 12
 There are no genuine issues of material fact in this case, and summary judgment therefore was appropriate. The district court was presented with a purely legal issue: whether to apply the statute of limitations in effect at the time of the allegedly discriminatory acts, or the limitations period in effect at the time of the filing of the complaint. See 29 U.S.C. Sec. 626(e). We agree with the district court that the new statute of limitations should be applied to plaintiffs' claims, and that the claims therefore were time-barred.
 
 
 13
 This issue is one of first impression for this court, and the courts that have addressed the issue are split. Some courts have concluded that the amended statute of limitations period should apply to claims that accrued before the passage of the 1991 amendments. See, e.g., Smith v. Zeneca, Inc., 820 F.Supp. 831, 833-34 (D.Del.1993), aff'd, 37 F.3d 1489 (3rd Cir.1994) (table); Hartig v. Safelite Glass Corp., 819 F.Supp. 1523, 1529 (D.Kan.1993); McConnell v. Thomson Newspapers, Inc., 802 F.Supp. 1484, 1495-96 (E.D.Tex.1992). However, other courts have concluded that all of the provisions of the 1991 Act were to be applied only prospectively, including the statute of limitations provisions. See Browning v. AT & T Paradyne Corp., 846 F.Supp. 970, 972-73 (M.D.Fla.1994); Henderson v. AT & T, No. 93 Civ. 3222, 1993 WL 464733, at * 1 (S.D.N.Y. Nov. 5, 1993); Moskowitz v. City of Chicago, No. 93C1335, 1993 WL 478938, at * 11 (N.D.Ill. Nov. 16, 1993). We agree with those cases that hold that the limitations period enacted in the 1991 Act should apply to claims filed after its enactment, including those in which the cause of action accrued beforehand.[1] The reasoning in those cases is more persuasive, and their conclusions are bolstered by previous decisions of this court as well as by the Supreme Court's decision in Landgraf v. USI Film Products, --- U.S. ----, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).
 
 
 14
 As courts presented with this issue have recognized, applying a new or amended statute of limitations to bar a cause of action filed after its enactment, but arising out of events that predate its enactment, generally is not a retroactive application of the statute. See Smith, 820 F.Supp. at 833; McConnell, 802 F.Supp. at 1494 & n. 12. In such a case, the statute is applied to conduct that occurs after the statute's enactment--plaintiff's filing of the complaint--not the defendant's allegedly unlawful acts. Smith, 820 F.Supp. at 833. This general principle was adopted by this court in Walsche v. First Investors Corp., 981 F.2d 649, 654 (2d Cir.1992), where we stated:
 
 
 15
 Where a new rule alters substantive rights, to apply the new rule prospectively means to apply it to claims based on conduct occurring from that time forward. However, where as here, the new rule announces a period of limitations, the conduct to which it refers is the plaintiff's conduct relating to the filing of the claim and not the defendant's conduct giving rise to the claim.
 
 
 16
 Retroactivity concerns, therefore, generally do not bar the application of a changed statute of limitations to a complaint filed after the amendment.
 
 
 17
 Moreover, the Supreme Court's decision in Landgraf v. USI Film Products, --- U.S. ----, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), supports the conclusion that the new ninety-day filing period should be applied to ADEA claims filed after the effective date of the 1991 Act, regardless of when they accrued. In Landgraf, the Court was presented with the question whether section 102 of the 1991 Act should be applied to conduct occurring before its passage. Section 102 permits recovery of compensatory and punitive damages in Title VII cases, whereas before the 1991 amendments plaintiffs were able to obtain only equitable relief. Id. at ----, 114 S.Ct. at 1490-91. The Court held that legislation that would impair substantive rights should apply only to conduct occurring after the statute's effective date, absent clear Congressional intent to make the legislation retroactive. Id. at ----, 114 S.Ct. at 1505. The Court rested this holding on the unfairness that attends retroactive legislation. Id. at ---- - ----, 114 S.Ct. at 1497-98.
 
 
 18
 However, the Court noted, "[e]ven absent specific legislative authorization, application of new statutes passed after the events in suit is unquestionably proper in many situations." Id. at ----, 114 S.Ct. at 1501. Specifically, the Court noted that "[c]hanges in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity," because individuals have diminished reliance interests in matters of procedure, and because rules of procedure affect secondary rather than primary conduct. Id. at ----, 114 S.Ct. at 1502. Thus, to determine whether a statute has retroactive effects, a court must ask "whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." Id. at ----, 114 S.Ct. at 1505.
 
 
 19
 Although the district court in this case did not have the benefit of Landgraf, its conclusion comported with the principles outlined in that case. The conduct to which the statute of limitations applies is not the primary conduct of the defendants, the alleged discrimination, but is instead the secondary conduct of the plaintiffs, the filing of their suit. The statute as applied here impaired no rights possessed by either party, see Crane v. Hahlo, 258 U.S. 142, 147, 42 S.Ct. 214, 216, 66 L.Ed. 514 (1922) ("No one has a vested right in any given mode of procedure."), increased neither party's liability, nor imposed any new duties with respect to past transactions. The statute cannot be understood to operate retroactively in the manner criticized in Landgraf, and its application here was "unquestionably proper." See Landgraf, --- U.S. at ----, 114 S.Ct. at 1501.
 
 
 20
 Plaintiffs lodge two major objections against this position, neither of which is availing. First, they argue that the rule urged by defendants would require an "almost metaphysical analysis of whether the [statute of limitations] is procedural or substantive." As noted, however, applying Landgraf requires courts to determine whether a portion of a statute operates retroactively or prospectively, and, in connection with that determination, to resolve whether the statutory provision at issue is substantive or procedural. See id. at ---- - ----, 114 S.Ct. at 1505-06.
 
 
 21
 Second, the plaintiffs argue that this court's cases addressing the retroactivity of certain provisions of the 1991 Act preclude the application of the new statute of limitations provision to their suit. For example, in Butts v. City of New York Dep't of Hous. Preservation and Dev., 990 F.2d 1397, 1411 (2d Cir.1993), we held that the provisions of the 1991 Act that established a cause of action for racial discrimination in terms and conditions of employment were not to be applied retroactively. And in Wisdom v. Intrepid Sea-Air Space Museum, 993 F.2d 5, 6-7 (2d Cir.1993), we anticipated Landgraf, holding that the provisions of the 1991 Act that provided for jury trial and damages in Title VII cases were not to be applied retroactively. These cases, however, are fully consistent with the above analysis. Landgraf and other cases countenance treating statutes of limitations differently from statutory provisions that affect substantive rights, like those at issue in Butts and Wisdom. We conclude that the district court correctly regarded the limitations period as a procedural matter, and therefore correctly applied the statute of limitations as amended. Summary judgment properly was granted in favor of the defendants on this issue.
 
 B. Equitable Tolling
 
 22
 The district court also was correct to reject the plaintiffs' argument that the limitations period should be equitably tolled. This question is controlled by our decision in Long v. Frank, 22 F.3d 54 (2d Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 938, 130 L.Ed.2d 883. In that case, we refused to toll a statute of limitations where the EEOC sent the plaintiff a letter that stated:
 
 
 23
 If any of your claims were based on the Age Discrimination in Employment Act of 1967 ... AS TO THOSE CLAIMS ONLY, you MAY have up to six years after the right of action first accrued in which to file a civil action.
 
 
 24
 Id. at 58. While stating that the letter was not a "model of clarity," we noted that the uncertainty expressed therein was a product of the uncertain state of the law at the time. Id. at 58-59. The letter did not, however, "amount to affirmative misconduct on the government's part aimed at causing [the plaintiff] to forego his legal rights." Id. at 59. We further noted that the plaintiff had not demonstrated that he had relied on the EEOC's letter to his detriment. Id.
 
 
 25
 Long compels the conclusion that plaintiffs' tolling argument must fail. First, unlike in Long, the EEOC was not even a party defendant here; it is therefore questionable whether its acts could lead to equitable tolling. See id. at 58 ("[E]quitable tolling applies in cases where the federal government is a party defendant....") (emphasis supplied). Second, the right-to-sue letter sent to plaintiffs in this case was clearer than that sent in Long, was correct in its content, and surely did not amount to affirmative misconduct. Third, as in Long, the plaintiffs here have not demonstrated that they relied on any of the prior notices in deciding not to pursue their ADEA actions. Accordingly, the district court correctly concluded that equitable tolling was inappropriate under these circumstances.
 
 CONCLUSION
 
 26
 For the foregoing reasons, we affirm the judgment of the district court.
 
 JOSE A. CABRANES, Circuit Judge, concurring:
 
 27
 I agree that the new 90-day period should apply to bar plaintiffs' claims, but I take this opportunity to note that the characterization of the statute of limitations as a "procedural" rule could produce unintended and inequitable results in other circumstances. Classifying the new limitations period as procedural is of no consequence here because applying the new period does not threaten any reliance interests of plaintiffs that retroactivity doctrine is meant to protect: plaintiffs enjoyed the full benefit of the new 90-day period, having received the termination notice from the EEOC after the new period became effective on November 21, 1991.
 
 
 28
 Because the 90-day period is tied to the receipt of a newly-required termination notice from the EEOC, we might never be presented with the problem of an ADEA plaintiff having his or her rights cut off by application of the new period without an opportunity to comply with it. But I am concerned about the situation where a statute of limitations (e.g., three years from time of injury) has started to run, but is then replaced by a shorter limitations period (e.g., one year from time of injury). In my view, absent a clear statement from Congress, the new, shorter period should not be applied to plaintiffs who never had a chance to comply with the new rule--for example, those who filed after the one-year period was enacted, but whose one-year period elapsed before the new period became effective. Categorical labelling of statutes of limitations as "procedural" could lead to such a result.
 
 
 29
 As the Supreme Court recognized most recently in Landgraf v. USI Film Products, --- U.S. ----, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), a changed procedural rule, unlike a substantive rule, can often be applied to conduct that occurred before the change without raising traditional retroactivity concerns. Id. at ----, 114 S.Ct. at 1502; see Chenault v. United States Postal Serv., 37 F.3d 535, 538 (9th Cir.1994) ("Landgraf ... implied that if a provision is substantive, a presumption against retroactive application attaches; if it is procedural, a presumption in favor of retroactive application attaches."). As my colleagues note, the different treatment of the two categories of rules is justified by the fact that "rules of procedure regulate secondary rather than primary conduct" and rules of procedure create less important reliance interests. Landgraf, --- U.S. at ----, 114 S.Ct. at 1502.
 
 
 30
 Thus, determining that a statute of limitations is procedural could facilitate retroactive--and possibly inequitable--application of that statute. Because statutes of limitations create important reliance interests, govern whether or not an individual can vindicate a right, and prevent a court from deciding stale claims, they lie on the cusp of the procedural/substantive distinction. See Sun Oil Co. v. Wortman, 486 U.S. 717, 722-29, 108 S.Ct. 2117, 2121-25, 100 L.Ed.2d 743 (1988) (holding that statutes of limitations were properly treated as "procedural" for choice-of-law purposes in context of Full Faith and Credit Clause while noting that Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), treated statutes of limitations as "substantive" for Erie doctrine purposes); Wortman, 486 U.S. at 727, 108 S.Ct. at 2124 ("[T]he words 'substantive' and 'procedural' themselves ... do not have a precise content, even (indeed especially) as their usage has evolved."); American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 557-58, 94 S.Ct. 756, 768, 38 L.Ed.2d 713 (1974) ("The proper test is not whether a time limitation is 'substantive' or 'procedural,' but whether tolling the limitation in a given context is consonant with the legislative scheme."); Fleming James, Jr., Geoffrey C. Hazard, Jr. & John Leubsdorf, Civil Procedure Sec. 2.37, at 130-31 (4th ed. 1992) ("statutes of limitations ... are rationally capable of classification as either procedural or substantive") (internal quotation marks omitted).
 
 
 31
 The categories "substantive" and "procedural" have their uses, but we should take care to avoid their talismanic application--in particular, we should not let the mere characterization of a statute of limitations as procedural pave the way to a determination that applying it retroactively is necessarily permissible. And if the label "procedural" would not lead to that result, it is unclear what purpose, if any, the label serves in circumstances such as these.
 
 
 32
 In light of the important reliance interests statutes of limitations create, a "procedural" label should not prompt a statute's retroactive application when doing so would automatically extinguish claims timely filed under a superseded statute of limitations.[1]
 
 
 
 [1]
 We do not address the situation where Congress replaces a statute of limitations with a shorter one that, if applied to a claim filed after the statute becomes effective, cuts off a plaintiff's right to sue without providing him an opportunity to comply with the new period
 
 
 [1]
 Other Circuits have found that mechanically applying a new limitations period to claims accruing before, but filed after, the new period became effective implicates retroactivity concerns and can be manifestly unfair. See Hanner v. Mississippi, 833 F.2d 55, 57-58 (5th Cir.1987) (holding that plaintiffs whose cause of action accrued before, but who filed after shorter limitations period was adopted, must be given "reasonable time" within which to bring their actions); Usher v. City of Los Angeles, 828 F.2d 556, 559-61 (9th Cir.1987) (holding that plaintiffs significantly prejudiced where effect of new rule is to shorten limitations period such that they have no opportunity to follow new rule). This court, however, has noted that it takes a different approach, at least when applying a judicial decision announcing a new statute of limitations. See Walsche v. First Investors Corp., 981 F.2d 649, 654 (2d Cir.1992) ("where ... the new rule announces a period of limitations, the conduct to which it refers is the plaintiff's conduct relating to the filing of the claim.... Accordingly, any claim filed after the new limitations period was announced ... is prospectively subject to the [new period].") (emphasis added)