**Rose FRANCIS, Plaintiff–Appellant,**

**v.**

**ELMSFORD SCHOOL DISTRICT, Wayne Harders, Dr. Carol Franks–Randall and Board of Education Elmsford School District, Defendants–Appellees.**

**Docket No. 05–0865 CV.**

United States Court of Appeals, Second Circuit.

Argued: Oct. 17, 2005.

Decided: March 22, 2006.

Andrew J. Schatkin, Jericho, New York, for Plaintiff–Appellant.

Jennifer H. Pymm, New York, New York (Lewis R. Silverman, Rutherford & Christie, New York, New York, on the brief), for Defendants–Appellees.

Before: KEARSE, MINER, and HALL, Circuit Judges.

KEARSE, Circuit Judge.

Plaintiff Rose Francis, an employee of defendants Elmsford School District (the "District") and Board of Education Elmsford School District (the "Board"), appeals from so much of a judgment of the United States District Court for the Southern District of New York, Harold Baer, Jr., *Judge*, as dismissed her complaint alleging that those defendants discriminated against her in the terms, conditions, and privileges of employment on the basis of age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA" or the "Act"), and on the basis of race and national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The district court granted summary judgment dismissing both the Title VII claim and the ADEA claim as time-barred on the ground that Francis did not commence this action within 90 days of receiving a right-to-sue letter. On appeal, Francis contends that the district court erred in dismissing her ADEA claim, arguing principally that she did not receive such a letter. As Francis's brief on appeal contains no argument as to why the district court's dismissal of her Title VII claim was incorrect, we regard any challenge to the dismissal of that claim as abandoned, *see generally Hobbs v. County of Westchester,* 397 F.3d 133, 147 (2d Cir. 2005); *Day v. Morgenthau,* 909 F.2d 75, 76 (2d Cir.1990); Fed. R.App. P. 28(a)(9). For the reasons below, we find merit in Francis's challenge to the dismissal of her ADEA claim, and we vacate the judgment to the extent that it dismissed that claim.

## I. BACKGROUND

The following facts are undisputed. Francis, an African–American woman born in 1935, was first employed as an elementary school teacher in the Elmsford School District in 1986. In July 2002, she was notified that she was being reassigned from standard classroom teaching to teach in the Academic Intervention Service program ("AIS"), a remedial program that provides additional help for students who have scored low on state tests. When Francis asked the reason for her transfer to AIS, she was told that it was because she was ineffective as a classroom teacher. When Francis began at AIS in September 2002, she was assigned to teach in a hallway; although she complained that it was an unsuitable location for teaching, she was not resituated.

On February 5, 2003, Francis filed with the New York State Division of Human Rights ("SDHR") a complaint against the District ("SDHR complaint") alleging that by, *inter alia,* reassigning her "out of the classroom and into a hallway" (SDHR complaint ¶ 3) and replacing her with a younger teacher (*see id.* ¶ 4), the District had "unlawful[ly] discriminat[ed] on the basis of Age by denying [her] equal terms, conditions and opportunities of employment in violation of Art. 15, Sec. 296 of the Human Rights Law of the State of New York" (SDHR complaint ¶ 9). Francis's SDHR complaint stated that the SDHR was authorized to accept that complaint as a filing under the ADEA (*see id.,* ultimate (unnumbered) paragraph), and her charge of age discrimination was also filed with the Equal Employment Opportunity Commission ("EEOC" or the "Commission") on February 5, 2003.

On December 29, 2003, the SDHR sent Francis a Determination and Order After Investigation ("SDHR Determination") informing her, in relevant part, as follows:

After investigation, and following review of related information and evidence with named parties, the Division of Human Rights has determined that, insofar as respondent ELMSFORD UNION FREE SCHOOL DISTRICT is concerned, there is NO PROBABLE CAUSE to believe that the said respondent has engaged in or is engaging in the unlawful discriminatory practice complained of. This determination is based on the following:

The evidence gathered during the course of the investigation of the instant complaint is not sufficient to support the complainant's allegations that she was treated differently by the respondent because of her age.

The record support[s] that the respondent was not satisfied with the complainant's work performance. . . .

. . . .

The respondent has advanced a non discriminatory, business related reason for changing the complaint's assignment. This reason is not found to be a pretext to discriminate.

The complaint is therefore ordered dismissed and the file is closed.

(SDHR Determination at 1–3.) The SDHR Determination concluded with the following procedural information:

Any party to the proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a notice of Petition and Petition *within sixty (60) days after service of this Determination*. . . .

PLEASE TAKE FURTHER NO-TICE that a complainant who seeks state judicial review and who receives an adverse decision therein, may lose his or her right to proceed subsequently in federal court by virtue of *Kremer vs. Chemical Construction Co.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982).

As your charge was filed under Title VII of the Civil Rights Act or the Americans with Disabilities Act (ADA) which is enforced by the U.S. Equal Employment Opportunity Commission (EEOC), you have the right to request EEOC review of this action. To secure a review, you must request it in writing, within 15 days of your receipt of this letter, to EEOC District Office . . . . Otherwise, EEOC will generally adopt our action in your case.

(SDHR Determination at 3 (emphasis in original).)

Francis commenced the present action in the district court on April 8, 2004. The complaint asserted her ADEA claim, as well as her Title VII claim and other claims that are not at issue on this appeal. Following a period of discovery and the dismissal of certain claims, the District and the Board moved for summary judgment dismissing the ADEA claim on the ground that it was time-barred because it was filed more than 90 days after Francis's receipt of the SDHR Determination. They also moved for summary judgment dismissing the Title VII claim as time-barred because Francis had not first filed a timely charge with the EEOC or an authorized State agency, a prerequisite to a civil suit under Title VII; and they moved, in the alternative, to dismiss both the ADEA and the Title VII claims on the ground that Francis had failed to show a prima facie case of discrimination under either statute. In opposition to so much of the summary

judgment motion as sought dismissal of her ADEA claim, Francis argued, *inter alia,* that her ADEA claim was not time-barred because she had "received no 'Right to Sue' " triggering the 90–day time limit for filing claims under the ADEA. (Memorandum of Law in Denial of Motion for Summary Judgment at 10.)

In an Opinion and Order dated January 25, 2005 ("District Court Opinion"), the district court granted summary judgment dismissing Francis's Title VII and ADEA claims as untimely. The court stated that

> to be timely, a Title VII or ADEA claim must be filed within ninety [90] days of the claimant's receipt of a right-to-sue letter from the EEOC or applicable State or local agency. 42 U.S.C. § 2000e–5(f)(1); 29 U.S.C. § 626(e).
>
> The ninety day period commences on the date the plaintiff receives the EEOC right-to-sue notification . . . .

District Court Opinion at 4–5 (brackets in original) (footnote omitted). The court stated that the SDHR had "concluded its investigation and sent by mail its 'Determination and Order After Investigation,' including notice of a 'right to sue,' to Francis" on December 29, 2003. *Id.* at 2. Recognizing "a rebuttable presumption that a mailed document is received three days after its mailing," the court calculated that the 90–day period in which Francis was allowed to bring suit on her Title VII and ADEA claims expired no later than April 2, 2004. *Id.* at 5 (internal quotation marks omitted). The court concluded that Francis's complaint, filed on April 8, 2004, was filed "96 or 97 days after the presumed receipt of the right-to-sue letter," and hence was untimely with respect to both claims. *Id.*

The court found no circumstances warranting equitable tolling of the statutory time limits. It stated that Francis "lacked a shred of evidentiary support" for her "one sentence conclusory allegation" that she "failed to receive a right-to-sue letter," *i.e.,* the "government[-]issued 'Determination and Order After Investigation.' " *Id.* at 6. A final judgment was entered dismissing the action, and this appeal followed.

## II. DISCUSSION

On appeal, Francis challenges the district court's dismissal of her ADEA claim, contending that the court erred in finding that she had received a right-to-sue letter that triggered a time limitation for her commencement of a court action. For the reasons that follow, we agree.

The ADEA provides that "[n]o civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been [timely] filed with the Equal Employment Opportunity Commission." 29 U.S.C. § 626(d). The Act also imposes a 90–day deadline for the commencement of a court action if the EEOC notifies the claimant that it has dismissed her charge or has otherwise terminated the proceedings ("EEOC Notice"):

> [i]f a charge filed with the Commission under this chapter is dismissed or the proceedings of the Commission are otherwise terminated by the Commission, the Commission shall notify the person aggrieved. A civil action may be brought under this section by a person defined in section 630(a) of this title against the respondent named in the charge within 90 days after the date of the receipt of such notice.

*Id.* § 626(e). Although such an EEOC Notice is frequently referred to as a "right-to-sue letter," *see, e.g., Sherlock v. Montefiore Medical Center,* 84 F.3d 522, 525 (2d Cir.1996) (to be timely, an ADEA claim must be filed within 90 days of the

claimant's receipt of a "right-to-sue letter"), and would be a prerequisite for a court action under Title VII, *see* 42 U.S.C. § 2000e–5(f)(1), there is no provision in the ADEA that requires a claimant to receive such a letter before commencing a court action under the ADEA, *see, e.g., Hodge v. New York College of Podiatric Medicine,* 157 F.3d 164, 168 (2d Cir.1998) ("Whereas Title VII plaintiffs must receive a 'right-to-sue' letter from the EEOC before filing suit in court, ... ADEA plaintiffs .... can sue in court even if the EEOC has not yet completed its investigation ....."). Thus, unless the EEOC first commences an action on a claimant's behalf, *see* 29 U.S.C. § 626(c)(1), "ADEA plaintiffs may file suit in court at any time from 60 days after [timely] filing the EEOC charge until 90 days after the plaintiff receives notice from the EEOC that the EEOC proceedings are terminated," *Hodge v. New York College of Podiatric Medicine,* 157 F.3d at 166; *see, e.g., Vernon v. Cassadaga Valley Central School District,* 49 F.3d 886, 888 (2d Cir. 1995).

In the present case, the district court treated the SDHR Determination that was sent to Francis as an EEOC Notice that triggered the 90–day period referred to in § 626(e). For several reasons, however, that treatment is not supported by the language of § 626(e) or the contents of the SDHR Determination.

First, § 626(e) provides that "the Commission" shall notify the person aggrieved. The SDHR Determination was issued by the SDHR, not by the EEOC. Second, the notice required by § 626(e) must inform the complainant that her charge has been dismissed, or that the proceedings on that charge have been otherwise terminated, "by the Commission." The SDHR Determination sent to Francis instead indicated that while the SDHR had dismissed her complaint, the EEOC had yet to consider it. After advising Francis that her SDHR complaint was dismissed, the SDHR Determination stated:

> *[Y]ou have the right to request EEOC review of this action. To secure a review, you must request it in writing, within 15 days of your receipt of this letter .... Otherwise, EEOC will generally adopt our action in your case.*

(SDHR Determination at 3 (emphases added).) Plainly, that document's use of the future tense in describing the likely EEOC outcome did not inform Francis that the Commission had already "dismissed" her ADEA claim or "otherwise terminated," 29 U.S.C. § 626(e), EEOC proceedings on that claim.

Finally, the SDHR Determination stated that Francis could seek review by the EEOC because her "charge was filed under Title VII of the Civil Rights Act or the Americans with Disabilities Act (ADA)." (SDHR Determination at 3.) Francis, however, had not filed a charge with the SDHR under either of those statutes, and the SDHR Determination did not state that Francis could seek EEOC review of her claim of age discrimination.

Thus, the SDHR Determination sent to Francis did not constitute an EEOC Notice as described in § 626(e), and hence did not trigger the 90–day time limit provided by that section. Accordingly, we vacate so much of the judgment of the district court as dismissed Francis's ADEA claim as time-barred on the basis that her suit was filed more than 90 days after her receipt of the SDHR Determination.

The District and the Board, recognizing in their brief on appeal and at oral argument that Francis's ADEA claim was likely not time-barred, invite us to affirm the dismissal of that claim on the ground that Francis failed to present a prima facie case under the ADEA. We decline their invitation and leave the assessment of that

ground and any other possible grounds for summary judgment to the district court in the first instance.

## CONCLUSION

So much of the judgment of the district court as dismissed Francis's ADEA claim is vacated, and the matter is remanded for such further proceedings with respect to that claim as may be appropriate. In all other respects, the judgment is affirmed.

Costs to plaintiff.