**Mary WRENSEN, Plaintiff,**

v.

**The CITY OF NEW YORK, the New York City Police Department, Benjamin Ward, Helen Tanzosh and Stanley Edelman, Defendants.**

**No. 89 Civ. 7080 (KTD).**

United States District Court,
S.D. New York.

April 6, 1993.

Gaffin & Mayo, P.C., New York City, Lauren B. Abramson, of counsel, for plaintiff.

O. Peter Sherwood, Corp. Counsel of the City of New York, New York City, Blanche Greenfield, of counsel, for defendants.

### MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiff brings this action pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq.* ("Title VII"), seeking equitable and monetary relief including back pay, back night differential pay, back overtime pay, back holiday pay, retroactive seniority and eligibility to take the next scheduled promotional examination to the rank of captain within the New York City Police Department. Plaintiff alleges that the defendants discriminated against her on the basis of gender.

Plaintiff now seeks leave, pursuant to Fed.R.Civ.P. 15(a), to amend her complaint to include a demand for a trial by jury and a claim for compensatory damages pursuant to the Civil Rights Act of 1991, Pub.L. No. 102–166, 105 Stat. 1071 (1991) (codified as amended 42 U.S.C. § 1981 and added § 1981a (1992)) [hereinafter "the 1991 Act" or "the

Act"]. For the reasons set forth below, the plaintiff's motion to amend her complaint is hereby denied.

### Statement of Facts

On or about January 26, 1981, plaintiff Mary Wrensen was employed by the New York City Police Department ("NYCPD") as a probationary police officer. Approximately one year later she was appointed to the rank of police officer. Thereafter, in or about June 1983, the plaintiff took the examination for promotion to the position to police sergeant. Plaintiff allegedly expected to be promoted from the "promotion list" in November, 1985.

In or about September, 1985, the plaintiff learned she was pregnant. Upon learning of her pregnancy, the plaintiff claims she notified her commanding officer and district surgeon. Thereafter, allegedly without being given a medical examination or evaluation and despite the fact that she was neither physically nor mentally impaired or incapacitated and could remain on full duty, the plaintiff was placed on restricted duty.

In or about November 1985, the list of promotions to be made to the rank of sergeant was issued by the NYCPD. The plaintiff's name did not appear on that list. Plaintiff alleges that she inquired why she was not on the list and was told by the police surgeon that she was not promoted on the ground that she was on restricted duty due to her pregnancy.

On or about July, 14, 1986, the plaintiff returned to full duty at the NYCPD. Thereafter, the plaintiff was promoted to sergeant on or about February 3, 1987.

On October 27, 1989, following a determination by the Equal Employment Opportunity Commission that she had been discriminated against on the basis of gender, the plaintiff commenced this action against the above-named defendants under Title VII.

In her initial complaint, no jury demand was made because Title VII did not at the time provide for the right to trial by jury. Furthermore, the plaintiff did not seek compensatory damages because, at the time, Title VII provided only for statutory remedies. On or about January 24, 1990, the defendants interposed an answer. Thereafter, in or about February, 1991, the defendants were found in default due to the failure to proceed with discovery.

On November 21, 1991, the Civil Rights Act of 1991 was enacted. The 1991 Act amended the Civil Rights Act of 1964, and specifically provides, *inter alia*, that Title VII claims may be heard by a jury and, in certain cases, plaintiffs may recover compensatory damages up to $300,000 in addition to the statutory remedies provided under Title VII. 42 U.S.C. §§ 1981a(a), 1981a(b)(3)(D), and 1981a(c) (Supp.1992). The plaintiff now moves to amend her complaint based on the 1991 Act to include a jury demand as well as a demand for compensatory damages.

### Discussion

It is clear that the plaintiff's request to amend her complaint to include a demand for a jury trial and compensatory damages turns on the outcome of one critical issue, namely, the retroactive application of the 1991 Civil Rights Act.

The 1991 Act itself contains no express provision stating whether the Act as a whole is to be applied retroactively or prospectively. At present, the United States Supreme Court has not decided whether the 1991 Act applies retroactively.[1] Recently, however, the Second Circuit had occasion to address this precise issue. *See Butts v. The City of New York Department of Housing Preservation and Development*, 990 F.2d 1397 (2d Cir.1993).

In *Butts*, the Second Circuit determined that, as to the plaintiff's § 1981 suit, the provisions of the 1991 Act do not apply retroactively. *See Butts*, 990 F.2d at 1411. In

---

**1.** It should be noted, however, that on February 22, 1993, the Supreme Court granted certiorari for two cases, consolidated for argument, addressing the issue of the retroactivity of the 1991 Act. *See Landgraf v. USI Film Products*, 968 F.2d 427 (5th Cir.1992), *cert. granted*, —— U.S. ——, 113 S.Ct. 1250, 122 L.Ed.2d 649 (1993); *Rivers v. Roadway Express*, 973 F.2d 490 (6th Cir.1992), *cert. granted*, —— U.S. ——, 113 S.Ct. 1250, 122 L.Ed.2d 649 (1993).

making its determination, the court pointed out that neither the Act's language nor legislative history indicate whether the 1991 Act should be applied retroactively or prospectively *Id.* at 1408–09. The court found most persuasive the presumption against retroactivity articulated in *Bowen v. Georgetown University Hospital,* 488 U.S. 204, 208, 109 S.Ct. 468, 471–72, 102 L.Ed.2d 493 (1988). *Id.*

The *Butts* case brings the law of the Second Circuit into accord with five other federal appellate courts which have similarly declined to give the 1991 Act retroactive application. *See, e.g., Johnson v. Uncle Ben's,* 965 F.2d 1363, 1373–74 (5th Cir.1992); *Vogel v. City of Cincinnati,* 959 F.2d 594, 598 (6th Cir.), *cert. denied,* — U.S. ——, 113 S.Ct. 86, 121 L.Ed.2d 49 (1992); *Mozee v. American Commercial Marine Svc. Co.,* 963 F.2d 929, 940 (7th Cir.), *cert. denied,* — U.S. ——, 113 S.Ct. 207, 121 L.Ed.2d 148 (1992); *Fray v. The Omaha World Herald Co.,* 960 F.2d 1370, 1378 (8th Cir.1992); *Curtis v. Metro Ambulance Svcs, Inc.,* 982 F.2d 472, 473–74 (11th Cir.1993) (extending ruling in *Baynes v. AT & T Technologies, Inc.,* 976 F.2d 1370, 1375 (11th Cir.1992)).

Thus, because the 1991 Act does not apply retroactively to the plaintiff's case, I must apply the law as existed prior to the Act. At the time of the plaintiff's allegations and at the commencement of the lawsuit, the plaintiff had no right to either a jury trial or compensatory damages under Title VII. Therefore, the plaintiff may not amend her complaint to include a demand for a jury trial and compensatory damages under the 1991 Act.

Accordingly, the plaintiff's motion to amend her complaint is hereby denied.

SO ORDERED.