Romeo G. **WISDOM,** Plaintiff–Appellee,

v.

**INTREPID SEA–AIR SPACE MUSEUM,** Defendant–Appellant.

No. 887, Docket 92–9156.

United States Court of Appeals, Second Circuit.

Argued Jan. 13, 1993.

Decided May 3, 1993.

As Amended May 26, 1993.

**6**

Joseph E. Gulmi, Joshua A. Adler, Shea & Gould, New York City, for defendant-appellant.

Noah A. Kinigstein, New York City, for plaintiff-appellee.

Before: MESKILL, Chief Judge, VAN GRAAFEILAND and CARDAMONE, Circuit Judges.

PER CURIAM:

This is an interlocutory appeal from an order entered in the United States District Court for the Southern District of New York, Patterson, *J.*, holding that section 102 of the Civil Rights Act of 1991, Pub.L. No. 102–166, 105 Stat. 1071 (1991 Act) applies retroactively to appellee Romeo Wisdom's claims. In light of our recent decision in *Butts v. City of New York DHP & D*, 990 F.2d 1397 (2d Cir.1993), we reverse and remand for further proceedings consistent with the law in effect at the time Wisdom brought his suit.

Wisdom was formerly employed by appellant, Intrepid Sea–Air Space Museum (Museum), as a security guard. Wisdom alleges that he was terminated by his superior due to his race, color and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* He filed a timely charge of discrimination with the Equal Employment Opportunity Commission, which sent him a Notice of Right to Sue letter on May 15, 1991. On June 28, 1991, Wisdom commenced the present suit. On November 21, 1991, the 1991 Act was signed into law. Wisdom made a motion to amend his complaint pursuant to Fed.R.Civ.P. 15(a) to include a request for additional remedies provided by section 102 of the 1991 Act, including compensatory and punitive damages and the right to a jury trial. The district court granted the motion and ruled that those provisions of the 1991 Act applied retroactively. *Wisdom v. Intrepid Sea–Air Museum,* 1992 WL 168224 (S.D.N.Y. June 26, 1992).

In reaching its conclusion, the district court found no clear understanding of whether the 1991 Act should be applied retroactively or prospectively either in the language of the statute or in the legislative history, and therefore turned to legal precedent. The court analyzed the conflict between *Bowen v. Georgetown Univ. Hospital,* 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988) (retroactivity not favored in the law), and *Bradley v. Richmond School Board,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974) (appellate court to apply law in effect at time it renders a decision), by examining the cases in the context of *Bennett v. New Jersey,* 470 U.S. 632, 105 S.Ct. 1555, 84 L.Ed.2d 572 (1985), which reasoned that retroactivity is not applicable to substantive provisions of a law, but that retroactive application to purely procedural rules does not contravene policy interests. Finding the applicable provisions in the 1991 Act to be procedural or remedial,

the district court concluded that under the *Bradley* analysis there would be no injustice in applying the statute retroactively, and granted Wisdom's motion to amend.

The district court *sua sponte* certified the order for appeal pursuant to 28 U.S.C. § 1292(b). On October 22, 1992, we granted the Museum's petition for interlocutory appeal.

▀▀▀ In *Butts*, we held that the 1991 Act does not apply retroactively to cases pending in the district courts at the time of the enactment of the 1991 Act. We recognize that the Supreme Court has granted *certiorari* to hear this issue in two cases, *Harvis v. Roadway Express*, 973 F.2d 490 (6th Cir. 1992), *cert. granted in part sub nom. Landgraf v. USI Film Products*, —— U.S. ——, 113 S.Ct. 1250, 122 L.Ed.2d 649 (1993), and *Landgraf v. USI Film Products*, 968 F.2d 427 (5th Cir.1992), *cert. granted in part*, —— U.S. ——, 113 S.Ct. 1250, 122 L.Ed.2d 649 (1993). However, "prior opinions of a panel of this court are binding upon us in the absence of a change in the law by a higher authority or our own in banc proceeding," *United States v. Moore*, 949 F.2d 68, 71 (2d Cir.1991), *cert. denied sub nom. Salami v. United States*, —— U.S. ——, 112 S.Ct. 1678, 118 L.Ed.2d 396 (1992), and we therefore adhere to *Butts* as the law of this Circuit.

Reversed and remanded for further proceedings.