**Pamela A. POSTEMA, Plaintiff–Appellee,**

**v.**

**NATIONAL LEAGUE OF PROFESSIONAL BASEBALL CLUBS; American League of Professional Baseball Clubs; Triple–A Alliance of Professional Baseball Clubs and Baseball Office for Umpire Development, Defendants–Appellants.**

Nos. 941, 942, 943, Dockets 92–9150; 92–9152; 92–9154.

United States Court of Appeals, Second Circuit.

Argued Feb. 22, 1993.

Decided June 25, 1993.

Daniel R. Shulman, Minneapolis, MN (Gray, Plant, Mooty, Mooty & Bennett, P.A., Phillip Gainsley, Moss & Barnett, Minneapolis, MN, of counsel), for plaintiff-appellee.

Howard C. Hay, New York City (Cheryl R. Saban, Paul, Hastings, Janofsky & Walker, New York City, of counsel), for defendant-appellant Baseball Office for Umpire Development.

Robert J. Kheel, New York City (Willkie Farr & Gallagher, New York City), for defendant-appellant National League of Professional Baseball Clubs.

William M. Brodsky, New York City (Baden, Kramer, Huffman, Brodsky & Co., P.C., New York City, Lee T. Ellis, Baker & Hostetler, Washington, DC, of counsel), for defendant-appellant American League of Professional Baseball Clubs.

Raymond L. Vandenberg, New York City (Frank A. Ray, Columbus, OH, of counsel), for defendant-appellant Triple–A Alliance of Professional Baseball Clubs.

Before: WALKER, McLAUGHLIN, Circuit Judges, and BRIEANT, District Judge.*

PER CURIAM:

This is an interlocutory appeal from an order entered by the United States District Court for the Southern District of New York (Patterson, *J.*), 799 F.Supp. 1475, holding that provisions of the Civil Rights Act of 1991, Pub.L. 102–166, 105 Stat. 1071 (the "1991 Act"), granting certain plaintiffs asserting claims under the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* the right to request trials by jury and to seek compensatory and punitive damages, *see* 42 U.S.C. § 1981a, apply to claims arising before the effective date of the 1991 Act.

Plaintiff-appellee Pamela A. Postema filed her complaint against defendants-appellants National League of Professional Baseball Clubs, American League of Professional Baseball Clubs, Triple–A Alliance of Professional Baseball Clubs, and Baseball Office for Umpire Development on December 19, 1991, approximately one month after the 1991 Act was signed into law. However, Postema's claims arose more than two years before the effective date of the 1991 Act. The defendants moved, *inter alia,* to strike Postema's jury trial demand and claims for compensatory and punitive damages, arguing that the 1991 Act's jury trial and damages provisions were not retroactive. The district court ruled in favor of Postema, holding that the jury trial and damages provisions were retroactive. Judge Patterson then certified his order for appeal, pursuant to 28 U.S.C. § 1292(b), and we granted the defendants' petition for interlocutory review.

In *Wisdom v. Intrepid Sea–Air Space Museum,* 993 F.2d 5 (2d Cir.1993) (per curiam), which ruled upon an order certified for interlocutory appeal by Judge Patterson at the same time as the order reviewed here, we held that the jury trial and damages provi-

---

* Hon. Charles L. Brieant, Judge, United States District Court for the Southern District of New York, sitting by designation.

sions of the 1991 Act are not retroactive. *See also Butts v. City of New York Dep't of Hous. Preservation and Dev.,* 990 F.2d 1397 (2d Cir.1993) (holding that 42 U.S.C. § 1981(b), provision of 1991 Act altering rule of *Patterson v. McLean Credit Union,* 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), is not retroactive).

We therefore reverse the order of the district court and remand the case for further proceedings consistent with our holding in *Wisdom.*