**Cheryl Renee SMITH, Plaintiff,**

v.

**NEW YORK CITY BOARD OF EDUCATION, Defendant.**

No. 94 CV 6214 (JGK).

United States District Court, S.D. New York.

March 6, 1996.

Cheryl Renee Smith, Staten Island, NY, pro se.

Paul A. Crotty, Corporation Counsel of the City of New York, Andrew M. Wasserman, Assistant Corporation Counsel, New York City, for Defendant.

## OPINION AND ORDER

KOELTL, District Judge:

The Complaint in this action, alleging racial discrimination, was brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and 42 U.S.C. § 1981. Jurisdiction is asserted under 28 U.S.C. §§ 1331 and 1343. The plaintiff, Cheryl Renee Smith, alleges that she was discharged from her position as a teacher at P.S. 33 in the Bronx by the New York City Board of Education ("the Board") because of her race.

On this motion, the Board moves for judgment on the pleadings dismissing Smith's claim under 42 U.S.C. § 1981. The Board also moves to strike Smith's demand for a jury trial. Smith filed a response to the Board's motion, claiming that if she is not entitled to a jury trial under federal law, she is so entitled under the New York Human Rights Law. N.Y.Exec.Law § 297. · The Board replied that Smith could not assert a cause of action under the New York Human Rights Law because she did not·assert this claim in her complaint. The Board argued, alternatively, that the state law claim is not viable because it was time barred and precluded by the finding that her claim had "no probable cause" by the New York State Division of Human Rights ("SDHR").

## I.

 The Board moved for judgment on the pleadings dismissing the plaintiff's claim under 42 U.S.C. § 1981 because she has failed to state a claim under that statute.[1] Because the plaintiff is proceeding pro se, the Court will construe her pleadings and papers liberally. *See Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *LaBounty v. Adler,* 933 F.2d 121, 122 (2d Cir.1991). The Court will accept all the factual allegations of the complaint as true, construing them in favor of the plaintiff and dismissing the § 1981 claim only if it appears beyond doubt that the plaintiff can prove no set of facts that will entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

 Accepting all of the plaintiff's allegations as true, the plaintiff has stated no claim under § 1981. Smith alleged in her complaint that she was terminated in January 1989 because of her race. In her response to the current motion, however, she alleges that she was terminated in January 1990. Even accepting the 1990 date as true, Smith fails to state a claim under § 1981. As of 1990, the time Smith's claim arose, § 1981 did not provide a cause of action for employment contract terminations. In 1989, the Supreme Court held that § 1981 prohibited discrimination in making and enforcing contracts, but not in terminating them. *See Patterson v. McLean Credit Union,* 491 U.S. 164, 176–77, 109 S.Ct. 2363, 2372–73, 105 L.Ed.2d 132 (1989). Thus, Smith can assert no cause of action under § 1981 because her claim arose before that Section applied to contract terminations.

Further, Smith cannot state a claim under the subsequently amended § 1981 which does apply to contract terminations because the amendment is not retroactive. In response to *Patterson,* as part of the Civil Rights Act of 1991 (the "1991 Act") Congress amended § 1981 to cover contract terminations. *See* Section 101 of the Civil Rights Act of 1991, Pub.L. No. 102–166, 105 Stat. 1071 (defining the term "make and enforce

contracts" in § 1981 to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship"). In 1994, however, the Supreme Court held that the provision of the 1991 Act, which extended § 1981 to include contract terminations, did not apply retroactively to cases arising before the November 21, 1991 effective date of the 1991 Act. *See Rivers v. Roadway Exp., Inc.,* —— U.S. ——, ——, 114 S.Ct. 1510, 1513, 128 L.Ed.2d 274 (1994); *see also Butts v. City of New York Dep't of Housing Preservation and Dev.,* 990 F.2d 1397 (2d Cir.1993); *Wrensen v. City of New York,* 826 F.Supp. 698 (S.D.N.Y.1993). Thus, Smith's cause of action cannot be based on the amendment to § 1981.

At the latest, Smith's claim arose in January 1990, before the effective date of the amendment, when § 1981 did not apply to contract terminations. Further, the Supreme Court has held that the 1991 Act that covers employment terminations is not retroactive. Accordingly, Smith has not stated a claim under § 1981 and the Board's motion for judgment on the pleadings dismissing Smith's claim under § 1981 is granted.

## II.

 The Board also moves to strike Smith's demand for a jury trial under her Title VII claim. Smith cannot demand a jury trial under Title VII because that statute did not provide the right to a jury trial at the time Smith's cause of action arose. *See, e.g., Wade v. Orange County Sheriff's Office,* 844 F.2d 951, 953 (2d Cir.1989); *Wrensen,* 826 F.Supp. at 700. While the 1991 Act provided plaintiffs with the right to a jury trial in Title VII cases, the provision does not apply to a cause of action that accrued before the Act's effective date in November 1991. *See Landgraf v. USI Film Prods.,* —— U.S. ——, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) (provision did not apply to cases pending on appeal at time of enactment); *Postema v. National League of Professional Baseball Clubs,* 998

---

1. The defendant has answered the complaint, and therefore the defendant's motion is a motion for judgment on the pleadings pursuant to Fed. R.Civ.P. 12(c) rather than a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

F.2d 60, 61 (2d Cir.1993) (provision did not apply to causes of action that accrued before effective date even if lawsuit filed after enactment); *Wisdom v. Intrepid Sea–Air Space Museum*, 993 F.2d 5 (2d Cir.1993) (provision did not apply retroactively to claim pending at time of its enactment). Accordingly, Smith is not entitled to a jury trial on her Title VII claim.[2]

 In her response to the Board's motion to strike her jury demand, Smith argues for the first time that if she is not entitled to a jury trial under Title VII, she is entitled to a jury trial under the New York Human Rights Law. N.Y.Exec.Law § 297. The Board replies that Smith is not entitled to a jury trial under the New York Human Rights Law because the complaint does not even suggest that the action was brought pursuant to state law. The Board further argues that had Smith alleged a violation of the state law in her complaint, she would still not be entitled to a jury trial because her state law claims are time barred and the SDHR's finding of "no probable cause" in this matter precludes Smith from pursuing any claim under the New York Executive Law. (*See* "Aff. of Andrew W. Wasserman, Esq. executed Jan. 2, 1996, Ex. C").

Smith is not entitled to a jury trial under the New York Executive Law because she has not asserted this claim in her complaint. If she wishes to raise such a claim, she should seek to amend her complaint so that the issue can be fully briefed.[3] Accordingly, Smith is not entitled to a jury trial under the New York Human Rights Law based on the current state of the pleadings.

Therefore, the defendant's motion to strike the plaintiff's jury demand is granted.

## CONCLUSION

The defendant's motion for judgment on the pleadings dismissing the plaintiff's claim

under 42 U.S.C. § 1981 is granted. The defendant's motion to strike the plaintiff's jury demand is granted.

**SO ORDERED.**

---

2. Similarly, Smith would not be entitled to compensatory and punitive damages on her Title VII claim. While the 1991 Act made these damage remedies available under Title VII, those provisions do not apply to claims that arose before the effective date of the 1991 Act. *See Landgraf*, ——— U.S. at ———, 114 S.Ct. at 1488.

3. Even if the plaintiff amends her complaint, she faces substantial obstacles to bringing a cause of action under the New York Human Rights Law. While it is unnecessary to reach these issues, her claim may be time barred or precluded by the SDHR's finding of no probable cause under New York law. *See DeCintio v. Westchester Co. Medical Ctr.*, 821 F.2d 111 (1987). Hence, any amendment may well be futile.