101 F.3d 684
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Talakkottur R. DAVID, Plaintiff-Appellant,
v.
APFEL LEVY ZLOTNICK & CO., Anton A. Weiss and John Buchheit,
Defendants-Appellees.
 No. 94-7857.
 United States Court of Appeals, Second Circuit.
 May 16, 1996.
 
 Appearing for Appellant: Talakkottur R. David, pro se, Mount Vernon, New York.
 Appearing for Appellee: Kevin J. Windels, D'Amato & Lynch, New York, New York.
 S.D.N.Y.
 AFFIRMED.
 Before FEINBERG, OAKES and WINTER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is hereby affirmed.
 
 
 3
 Talakkottur R. David, pro se, appeals from Judge Cedarbaum's partial dismissal of his complaint, grant of judgment for the defendants at trial, and award of attorney's fees to the defendants. David argues, inter alia, that the district court: (i) improperly denied him a trial by jury on his claim under Title VII of the Civil Rights Act of 1964, as amended, see 42 U.S.C. § 1981a(c)(1) (jury trial provision); (ii) erred in granting judgment as a matter of law on his claim under the Age Discrimination in Employment Act ("ADEA"), see 29 U.S.C. §§ 621-34; (iii) improperly granted judgment on his Title VII claim; (iv) improperly awarded attorney's fees to the defendants; and (v) did not have jurisdiction to amend the judgment to reflect the court's earlier dismissal of David's 42 U.S.C. § 1981 claim.
 
 
 4
 David's jury trial argument is meritless. The Civil Rights Act of 1991, Pub.L. 102-66, 105 Stat. 1071, grants certain Title VII claimants the right to trials by jury. See 42 U.S.C. § 1981a. The 1991 Act's jury trial provisions are not, however, retroactive, and, therefore, do not apply to actions, such as David's, which were filed before the effective date of the 1991 Act and based on conduct occurring before that date. See Postema v. National League of Professional Baseball Clubs, 998 F.2d 60, 62 (2d Cir.1993); Wisdom v. Intrepid Sea-Air Space Museum, 993 F.2d 5, 7 (2d Cir.1993).
 
 
 5
 David's argument that Judge Cedarbaum should not have granted judgment as a matter of law on his ADEA claim is no more successful. David testified at trial that Apfel, Levy discharged him "because of" a confrontation with a co-worker over a work assignment. An employer does not violate the ADEA by discharging an employee because of a personality conflict with a co-worker, even if the discharged employee is within the ADEA's protected class. See La Montagne v. American Convenience Prods., Inc., 750 F.2d 1405, 1414 (7th Cir.1984) (an employee's repeated conflicts with a co-worker constitute legitimate non-discriminatory reasons for dismissal); Chamberlain v. Bissel, Inc., 547 F.Supp. 1067, 1076-77 (W.D.Mich.1982). For similar reasons, we reject David's challenge to the court's rejection of his Title VII claim: David's own testimony amply demonstrates that he was discharged because of his disagreement with a co-worker, not because of his gender or national origin.
 
 
 6
 Turning to the attorney's fees issue, we reject David's contention that the district court abused its discretion in deciding to award fees to the defendants. "[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). We agree with the district court's fee award for substantially the reasons set forth in its Memorandum Order and Opinion, David v. Apfel, Levy, Zlotnick & Co., No. 91-Civ.-3384, 1994 WL 532745 (S.D.N.Y. Sept. 29, 1994) (awarding attorney's fees).
 
 
 7
 Finally, we reject David's contention that the district court lacked jurisdiction to amend its judgment to reflect the court's earlier dismissal of David's 42 U.S.C. § 1981 claim. David's August 2, 1994 notice of appeal, which he claims divested the district court of jurisdiction to amend its judgment on August 23, was not docketed as an appeal in this court until August 29, 1994. Rule 60(a) of the Federal Rules of Civil Procedure permits a district court to correct "errors ... arising from oversight or omission" on its own initiative without seeking leave from the appellate court at any time during the pendency of an appeal before the appeal is docketed in the appellate court. The amendment of a judgment to reflect the district court's earlier dismissal of a claim is certainly such an oversight, and the district court's amendment of its judgment to reflect dismissal of the Section 1981 claim was therefore proper.
 
 
 8
 Affirmed.