Suzanne R. WATERSON, Plaintiff,

v.

PLANK ROAD MOTEL CORP., d/b/a Best Western Clifton Park, a/k/a Best Western Inn; Christopher Pathemos; Adam Williams; and Michael P. Verdile, Defendants.

No. 96–CV–1618.

United States District Court, N.D. New York.

April 9, 1999.

Sheila M. Goss, Saratoga Springs, NY, for plaintiff.

Eileen M. Brennen, Coxsackie, NY, for defendants.

### MEMORANDUM–DECISION AND ORDER

HURD, United States Magistrate Judge.

## I. *INTRODUCTION*

Plaintiff, Suzanne Waterson ("Waterson" or "plaintiff"), was an employee of Best Western Inn in the housekeeping department. Plaintiff alleges that she was subjected to sexual harassment while employed, and was terminated on March 4, 1991 under false pretenses and pursuant to a discriminatory purpose. Waterson filed a complaint with the New York State Division of Human Rights ("DHR") on March 11, 1991. Waterson then commenced the instant action on October 4, 1996.

Defendants have made a motion *in limine* to

1. Bar any testimony or evidence on the issue of compensatory and/or punitive damages; and

2. Restrict the testimony of Anne Marie Malinowski ("Malinowski"), another former employee at the Best Western Inn.

## II. *DISCUSSION*

### A. *Compensatory and Punitive Damages*

Plaintiff is complaining of acts which occurred up to and including the date of her termination on March 4, 1991. At the time of these alleged acts, Title VII of the Civil Rights Act of 1964 ("Title VII") did not afford a plaintiff the right to a trial by jury or to seek compensatory or punitive damages. 42 U.S.C. § 2000e–5(g) (1988). The Civil Rights Act of 1991, which became effective on November 21, 1991, amended Title VII to allow claimants to have a trial by jury as well as to seek compensatory and punitive damages. 42 U.S.C. § 1981a(a)(1), (c) (1994).

Defendants argue that, since the acts of sexual harassment alleged by Waterson occurred before the enactment of the Civil Rights Act of 1991, and the new remedies provided by the statute are not retroactive, Waterson is not entitled to compensatory or punitive damages and therefore should not be allowed to present evidence concerning such damages. Defendants also argue that plaintiff may have been able to seek compensatory damages pursuant to her state law claim, but she waived that right by terminating her complaint with the state DHR.

Plaintiff asserts that the nonretroactivity of the Civil Rights Act of 1991 only

applies to cases pending on appeal when the statute was enacted, which is not the case here. Waterson also argues that, upon motion, she was granted a jury trial, which implies that the new statute, and the new remedies provided by it, is applicable in this matter. Therefore, plaintiff contends, she is entitled to present evidence concerning compensatory and punitive damages. Finally, Waterson asserts that, contrary to the defendants' claim, she is entitled to join her state claim in this action.

### 1. *Retroactivity of the Civil Rights Act of 1991*

■ Plaintiff's argument that the Civil Rights Act of 1991 is not applied retroactively only as to cases which were pending on appeal at the time the statute was enacted is without merit. It is well settled that the new remedial provisions of the Civil Rights Act of 1991 do not apply to conduct occurring before the enactment of the statute, not merely cases pending on appeal when the statute was enacted. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994); *Postema v. National League of Prof'l Baseball Clubs*, 998 F.2d 60, 61–62 (2d Cir.1993); *Wisdom v. Intrepid Sea–Air Space Museum*, 993 F.2d 5, 7 (2d Cir.1993); *Fair Employment Council v. BMC Mktg. Corp.*, 28 F.3d 1268 (D.C.Cir. 1994); *Amin v. Quad/Graphics, Inc.*, 929 F.Supp. 73 (N.D.N.Y.1996); *Talada v. International Serv. Sys., Inc.*, 899 F.Supp. 936 (N.D.N.Y.1995). The alleged conduct of which Waterson is complaining occurred prior to the enactment of the new statute. Therefore, the presumption against retroactivity applies here and this action is subject to the provisions of Title VII of the Civil Rights Act of 1964, not the Civil Rights Act of 1991.

### 2. *Trial by Jury*

On April 14, 1997, Waterson made a motion for a jury trial. Defendants' only ground for opposition to plaintiff's motion was that the motion was inexcusably filed late. United States Magistrate Judge David R. Homer granted plaintiff's motion, which was not appealed by defendants. Plaintiff submits that Judge Homer's decision granting a jury trial implies that the Civil Rights Act of 1991 is the "law of the case" in this matter and therefore, plaintiff is entitled to seek compensatory and punitive damages. While it has already been established that the Civil Rights Act of 1964, which does not permit a trial by jury, is the applicable statute in this case, as will be discussed below, plaintiff is entitled to a trial by jury on her supplemental state law claim. Therefore, Judge Homer's decision granting plaintiff's motion does not imply that the new statute applies to this case, but merely reflects plaintiff's right to have a jury decide her state law claim. However, in order to avoid confusion, an advisory jury will be utilized for plaintiff's federal claims. *See* Fed.R.Civ.P. 39(c).

### 3. *Supplemental State Law Claim*

The defendant claims that plaintiff may have been able to seek compensatory damages under a state law claim for violation of the New York State Human Rights Law, N.Y.Exec.Law §§ 290–301 (McKinney 1993), but plaintiff waived her right to such damages by terminating her state law complaint with the state DHR. Plaintiff contends that, contrary to defendants' assertion, she has not abandoned her state law claim for unlawful discrimination and she is entitled to compensatory damages. Plaintiff claims that her state law claim was dismissed for "administrative convenience" and therefore, her right to join the state law claim in this action is not precluded. *See id.* § 297(9).

■ The New York State Human Rights Law provides for a trial by jury as well as recovery of compensatory damages. *See Sanborn v. Hunt Real Estate Corp.*, No. 91–CV–667A, 1994 WL 417014 (W.D.N.Y. July 29, 1994) (citing *Selbst v. Touche Ross & Co.*, 587 F.Supp. 1015, 1017 (S.D.N.Y.1984)). However, a party seek-

ing relief for unlawful discriminatory practice pursuant to § 296 must pursue the claim in either a judicial forum or a state administrative forum, but not both. *See* § 297(9); *Promisel v. First Am. Artificial Flowers, Inc.,* 943 F.2d 251 (2d Cir.1991), *cert. denied,* 502 U.S. 1060, 112 S.Ct. 939, 117 L.Ed.2d 110 (1992); *DeWald v. Amsterdam Hous. Auth.,* 823 F.Supp. 94, 99 (N.D.N.Y.1993). The only exception to this rule is when the DHR dismisses the claim "for administrative convenience"; then a claimant may litigate the same claim in a court of law. § 297(9); *DeWald,* 823 F.Supp. at 99.

■ In the instant case, since Waterson filed a claim with the New York State DHR, she is barred from litigating that claim in court unless the DHR dismissed her claim for purposes of administrative convenience. Defendant claims that the DHR did not dismiss her claim for administrative convenience, but rather, Waterson terminated her state law claim. Plaintiff argues that after she requested a right to sue letter and then filed this federal court action she did receive a dismissal from the DHR. Neither party has submitted any evidence, such as the DHR's dismissal notice, to establish the circumstances regarding the status of her state law claim. Due to the lack of evidence and the conflicting statements of the parties, it cannot be determined whether or not plaintiff is precluded from joining her state claim in this action. However, the defendants have not moved to dismiss plaintiff's supplemental state law claim. Therefore, plaintiff's supplemental state claim for unlawful discrimination shall remain and plaintiff shall be afforded the opportunity to prove that jurisdiction exists over her state law claim. Accordingly, plaintiff is entitled to present evidence concerning compensatory damages in association with her state claim for unlawful discrimination.

1. The nondisclosure agreement only precludes disclosure of the terms of the settlement between the parties, not the circumstances giving rise to the complaint.

**B. *Testimony of Anne Marie Malinowski***

■ Defendants contend that Malinowski's testimony regarding her own experiences of alleged sexual harassment and discrimination is not relevant to whether the incidents which plaintiff experienced were so severe as to alter plaintiff's conditions of employment. Defendants maintain that whether or not anyone else was subjected to acts of harassment or discrimination is not relevant; only whether or not the alleged acts experienced by Waterson occurred in concert or with such regularity such that they could be considered pervasive. In addition, defendants note that Malinowski, represented by Waterson's attorney in this matter, filed her own complaint against defendants with the DHR which she settled and signed a nondisclosure agreement. Defendant argues that Malinowski should not be allowed to testify because the defendant's would be forced to defend the truth of her allegations as well as those of plaintiff and Malinowski signed a nondisclosure agreement.[1] Plaintiff opposes the restriction on Malinowski's testimony, arguing that Malinowski's testimony is relevant to the issue of the defendants' discriminatory attitude and intent as well as demonstrating a pattern of discriminatory behavior.

■ A hostile work environment is one which is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (internal quotations omitted) (citations omitted); *Torres v. Pisano,* 116 F.3d 625, 630(2d.), *cert. denied,* —— U.S. ——, 118 S.Ct. 563, 139 L.Ed.2d 404 (1997). The conduct must be severe or pervasive

Therefore, defendants' argument that Malinowski's signing of this nondisclosure agreement precludes her testimony is unpersuasive.

enough that an objective, reasonable person would find the work environment hostile or abusive. *Harris,* 510 U.S. at 21, 114 S.Ct. 367. Additionally, the victim must subjectively perceive the environment as abusive. *Id.* at 21–22, 114 S.Ct. 367.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Generally, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed.R.Evid. 404(b). However, such evidence may be admissible for other purposes such as proof of motive or intent. *Id.* But the probative value must substantially outweigh the prejudicial value. Fed.R.Evid. 403.

One of the critical issues in a hostile environment claim is the nature of the work environment itself. *See Hicks v. Gates Rubber Co.,* 833 F.2d 1406, 1415 (10th Cir.1987); *accord Perry v. Ethan Allen, Inc.,* 115 F.3d 143, 149 (2d Cir.1997). Several courts have held that evidence of discriminatory conduct directed at other employees is relevant in establishing a generally hostile environment and intent to create such an environment. *See Hicks,* 833 F.2d at 1415–16; *Perry,* 115 F.3d at 149; *Leibovitz v. New York City Transit Auth.,* 4 F.Supp.2d 144, 151 (E.D.N.Y. 1998) (citing *Hicks* for the proposition that evidence that other employees had been harassed should be considered in determining whether plaintiff established a claim for hostile work environment); *EEOC v. A. Sam & Sons Produce Co.,* 872 F.Supp. 29, 36 (W.D.N.Y.1994) (holding that discriminatory conduct directed at co-workers can be used as evidence of hostile environment).

In light of these cases, it is clear that Malinowski's testimony is relevant in showing the defendants' discriminatory attitude toward women as well demonstrating a generally hostile work environment

permeated with ridicule and insult. The defendants have failed to show how the probative value of Malinowski's testimony is substantially outweighed by the danger of unfair prejudice or confusion of issues. Therefore, defendants' motion to restrict Malinowski's testimony is denied.

## III. *CONCLUSION*

Even though plaintiff is not entitled to a jury trial or compensatory or punitive damages under the Civil Rights Act of 1964, plaintiff is entitled to a trial by jury and compensatory damages pursuant to her supplemental state law claim. Therefore, plaintiff shall have a jury decide her state law claim and an advisory jury will be utilized for plaintiff's federal claims. In addition, the testimony of Anne Marie Malinowski has been shown to be relevant in the instant action. The defendants are not persuasive in their argument that Malinowski's testimony would be unfairly prejudicial or confusing.

Accordingly, it is hereby

ORDERED that,

1. Defendants' motion to bar presentation of testimony and/or evidence on the issue of damages is GRANTED in part and DENIED in part;

a. Plaintiff shall not present evidence or testimony on compensatory or punitive damages with respect to her federal claims;

b. Plaintiff shall not present evidence or testimony on punitive damages with respect to her state law claim; and

c. Plaintiff shall be entitled to present evidence and/or testimony on compensatory damages with respect to her state law claim; and

2. Defendants' motion to restrict the testimony of Anne Marie Malinowski is DENIED.

IT IS SO ORDERED.